IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ALLSTATE COUNTY MUTUAL INSURANCE COMPANY AS SUBROGEE OF CASEY L. RAPP,<br><br>     Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA D/B/A UNITED STATES POSTAL SERVICE,<br><br>     Defendant. | CIVIL ACTION NO. |

## **PLAINTIFFS ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW ALLSTATE COUNTY MUTUAL INSURANCE COMPANY AS SUBROGEE OF CASEY L. RAPP** hereinafter referred to as "Plaintiff," or "Allstate" complaining of the UNITED STATES OF AMERICA D/B/A UNITED STATES POSTAL SERVICE hereinafter referred to as "Defendant" and for cause of action would respectfully show the Court as follows:

### **A. SUMMARY OF THE CASE**

1. This is an action to recover monetary damages, as well as all other appropriate and equitable relief, as a result of the negligent actions of Defendant's postal employee hereinafter collectively referred to as (Defendant).

2. Defendant owned or had constructive possession of a postal delivery vehicle driven by its postal employee at or near the intersection of South Watson Rd and East Abraham Street,

Arlington, Tarrant County Texas, on June 10, 2019. Based on information, the postal employee and driver was in the course and scope of his employment with Defendant at the time the incident made the basis of this lawsuit occurred.

3. On or about June 10, 2019, Defendant's employee caused an automobile collision involving Plaintiff's insured's vehicle while in the course and scope of his employment with Defendant causing unreimbursed property damages to Plaintiff's insured's vehicle.

### B. PARTIES

4. Plaintiff **ALLSTATE COUNTY MUTUAL INSURANCE COMPANY AS SUBROGEE OF CASEY L. RAPP,** hereinafter referred to as "Plaintiff" or "Allstate" as the real party in interest, is an insurance company doing business in the State of Texas.

5. Defendant **UNITED STATES OF AMERICA D/B/A UNITED STATES POSTAL SERVICE** is a governmental agency doing business in the State of Texas and may be duly served with citation and a copy of this Petition by serving its agent for service:

Thomas J. Marshall
General Counsel and Executive Vice President
Of the United States Postal Service
475 L'Enfant Plaza SW
Washington, District Of Columbia 20260-0546.

### C. JURISDICTION AND VENUE

6. Venue of this suit is proper under 28 U.S.C. §1391(a)(1) because a substantial part of the events giving rise to this lawsuit occurred in this district.

7. Pursuant to the provisions of 28 U.S.C (b)(1), the United States District Court has exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on, and

PLAINTIFF'S ORIGINAL COMPLAINT                                                                              P a g e | 2

after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

### D. FACTUAL BACKGROUND

8. At all times material hereto, Plaintiff's insured, Casey Rapp, was the owner of a 2014 Ford F-150 SVT Raptor SuperCrew bearing Vehicle Identification Number (VIN) 1FTFW1R69EFC60696 (hereinafter referred to as "Vehicle" or "Vehicle in question").

9. On or about June 10, 2019, Plaintiff's insured, Casey Rapp, was driving home at approximately 3:00pm and traveling on the access road for Highway (HWY) 360 in Arlington, Texas approaching the intersecting streets of Division and East Abram Street. Plaintiff's insured, Casey Rapp, came to a complete stop at the controlled intersection due to a red stop light being displayed. Defendant then collided with the rear area of Plaintiff's insured vehicle. Defendant failed to control his speed, failed to maintain a safe distance, failed to yield the right of way, failed to appropriately apply his brakes, and collided with Plaintiff's insured's stationary motor vehicle causing property damages to the vehicle in the total sum of $4,712.75. Immediately after the collision, Plaintiff's insured and Defendant exchanged contact information. Defendant identified himself as Raymond and presented Defendant's truck number as 9201713.

10. Pursuant to an automobile insurance policy in effect for the date of loss, Plaintiff paid the property damages of $4,712.75, that includes repairs, rental expense of $900.00, and a deductible of $500.00. Plaintiff now seeks reimbursement from Defendant for the damages incurred by its employee.

## D. CAUSES OF ACTION

### Count One – Negligence

11. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein. Plaintiffs would show that Defendant's employee, at the time of the incident, owed a duty to exercise reasonable, prudent, and ordinary care in operating a postal service delivery motor vehicle.

12. Based on information and belief, Plaintiff would show that the incident and damages arising from this incident were proximately caused by Defendant's driver's negligence by the following:

   a) Accelerating when unsafe;
   b) accelerating without warning;
   c) failing to make application of his brakes;
   d) failing to make timely application of his brakes;
   e) failing to make proper application of his brakes;
   f) failing to take timely evasive action;
   g) failing to keep a proper lookout;
   h) failing to keep his vehicle under control on the occasion in question;
   i) failing to yield the right of way;
   j) failing to control his vehicle;
   k) Otherwise failing to use reasonable care under the circumstances.

13. Each of the above-referenced acts and omissions, either singularly or in combination with others, constitutes negligence on the part of Defendant, which proximately caused the damages suffered by Plaintiffs in excess of the minimum jurisdictional limits of this Court.

## Count 2 – NEGLIGENT ENTRUSTMENT

14. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

15. Defendant knew or should have known that the driver of the postal delivery truck the caused the subject incident was an unfit driver unable to safely operate the postal delivery truck on the day in question. Consequently, Defendant is liable under the doctrine of *Respondeat Superior.*

16. Defendant is also liable for failing to train and supervise said driver during the course and scope of his duties; including, but not limited to, failing to report the incident.

## E. DAMAGES

17. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

18. Plaintiff hereby asserts their claims for reimbursement from Defendant for the damages sustained as a result of the motor vehicle collision that occurred on June 10, 2019. Pursuant to insurance policies in effect for the date of loss, Plaintiff paid for the property damages of $4,712.75, that includes repairs, rental expense of $900.00, and a deductible of $500.00. After allowing for all just and lawful offsets, payments, and credits, continues to be indebted to Plaintiffs in the total amount of $4,712.75.

## F. CONDITIONS PRECEDENT

19. Plaintiff hereby asserts their claims for damages against Defendant as described above. All conditions precedent to Plaintiff's recovery have been performed or have occurred as required. Defendant was notified of this claim at least 60 days prior to the filing of this lawsuit.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, **ALLSTATE COUNTY MUTUAL INSURANCE COMPANY** request that Defendant **UNITED STATES OF**

**AMERICA D/B/A UNITED STATES POSTAL SERVICE** take notice of the filing of this Original Complaint, be cited to appear and answer herein, and that upon final hearing, Plaintiff recover from Defendant:

a. A judgment against Defendant for actual damages for negligence and negligent entrustment under the doctrine of *Respondeat Superior* in the amounts pled for herein;

b. A judgment against Defendant for pre- and post-judgment interest as allowed by law;

c. A judgment against Defendant for all court costs incurred by Plaintiff;

d. A judgment against Defendant for reasonable and necessary attorney fees in accordance with Plaintiff breach of warranty claim; and,

e. A judgment against Defendant for such other and further relief, both general and specific, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

*[signature]*

**SAREN WILLIAMS**
TBN: 24098618
1201 Elm Street, Suite 5050
Dallas, TX 75270
DallasLegal@allstate.com
(214) 659-4339
(877) 678-4763 (fax)

**ATTORNEY FOR PLAINTIFF
ALLSTATE COUNTY MUTUAL
INSURANCE COMPANY AS
SUBROGEE OF CASEY L. RAPP**